UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

FOR ONLINE PUBLICATION

SHELTON HOLT,

                          Plaintiff,

- against -

AHI DBA SLEEP INN; WENDIE HARDIE; JEREMY PATELLA,

                          Defendants.

MEMORANDUM
AND ORDER
15-CV-3088 (JG)(RLM)

JOHN GLEESON, United States District Judge:

        Plaintiff Shelton Holt, proceeding *pro se*, brings this action against his former employer, and two individuals, alleging that he was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA"), New York State Human Rights Law, and New York City Human Rights Law. Holt's request to proceed *in forma pauperis* is granted. For the reasons set forth below, all claims against Wendie Hardee and Jeremy Patella are dismissed and Holt is granted leave to amend his complaint against AHI d/b/a Sleep Inn ("AHI") within thirty (30) days of the date of this Order.

STANDARD OF REVIEW

        Under 28 U.S.C. § 1915(e)(2)(B), I should dismiss an *in forma pauperis* action where I am satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys, and I am required to read Holt's *pro se* complaint liberally and interpret it as raising

1

the strongest arguments it suggests. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191 (2d Cir. 2008).

At the pleadings stage of a proceeding, I must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). It does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3*, 604 F.3d 110, 119 (2d Cir. 2010). However, the standard does impose an obligation to make factual allegations supporting a claim for relief.

BACKGROUND

Holt submits an employment discrimination form complaint in which he brings claims for unlawful termination of employment and unequal terms and conditions of employment against his former employer, AHI and two individuals, Hardie and Patella. Compl., ECF No. 2, April 7, 2014, at 2-3.[1] Holt checks off "gender" and "color" on the form complaint to indicate the bases of the discrimination he alleges and also lists that he was born in 1959, presumably as the basis for the alleged age discrimination. *Id*. at 4. For factual background, the substance of the complaint states in its entirety:

---

[1] The complaint was transferred to this court from the United States District Court for the Southern District of New York by Order dated May 22, 2015. The page numbers referenced are the page numbers assigned by the Electronic Case Filing System ("ECF").

> Defendants use[d] deceptive tactics to dismiss me from my position of employment. Defendants violated New York State Article 23-A and other tactics and falsehoods. Defendants further made defamed my character in a public hearing on record. Defendants conspired to rid me of my employment by violating Federal, State and Local laws causing me mental anguish, and loss of monies. Defendants are all accountable for their deceptive and business practices.

*Id*. at 5.

Holt was terminated from his position on September 16, 2012, and filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 6, 2015. *Id*. at 4. Holt attaches a one-page "Dismissal and Notice of Rights" from the EEOC dated February 6, 2015, which states that the file was closed because Holt's "charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge." *See* Dismissal and Notice of Rights, *id.* at 7.

## DISCUSSION

A. *The Individual Defendants*

Holt names two individuals as defendants. However, individuals may not be held liable for claims asserted under Title VII or the ADEA. *See Spiegel v. Schulmann*, 604 F.3d 72, 79-80 (2d Cir. 2010). Therefore, Holt's claims against Wendie Hardee and Jeremy Patella are dismissed.

B. *Timeliness*

Under Title VII and the ADEA, a New York plaintiff is required to file a charge of discrimination with the EEOC or state agency and receive a right to sue notice before bringing a claim in federal court. 42 U.S.C. § 2000e-5(e). The administrative claim must be filed with the EEOC or the state agency within 300 days of the discriminatory conduct. *Id.*; 29 U.S.C. § 626(d), 633(b); *Kassner v. 2d Ave. Delicatessen Inc.*, 496 F.3d 229, 237 (2d Cir. 2007); *Flaherty*

*v. Metromail Corp.*, 235 F.3d 133, 136 n.1 (2d Cir. 2000) ("To sustain a claim for unlawful discrimination under Title VII and/or the ADEA, a plaintiff must file administrative charges with the EEOC within 300 days of the alleged discriminatory acts."). This statutory requirement effectively acts as a statute of limitations: Title VII claims in federal court are barred by the failure to file a timely charge. *Cherry v. City of New York*, 381 F. App'x 57, 58 (2d Cir. 2010) (stating that timely filing of charge with EEOC and corresponding state agencies is "a condition precedent to the filing of an action in federal court pursuant to the [ADEA], the [ADA] or Title VII of the Civil Rights Act" and the "statute of limitations for filing a claim with the EEOC is 300 days" in New York). The statute of limitations for each discriminatory and retaliatory act begins to run when that act occurs. *See National R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 113 (2002).

Here, Holt alleges that the last date of unlawful discrimination occurred on September 16, 2012, the date that his employment was terminated. He filed a charge with the EEOC on February 6, 2015, which is more than 300 days from the alleged harm. The EEOC dismissed his charge as untimely on February 6, 2015.

While Holt's claims fall outside the timely filing requirement, this deficit does not necessarily preclude adjudication of this suit if Holt can show that he is entitled to equitable tolling. "[T]his time period for filing a charge is subject to equitable doctrines such as tolling or estoppel." *Id.*, 536 U.S. at 113 (citing *Zipes v. Trans World Airlines, Inc.*, 455 U.S. 385, 393 (1982)).

In order to apply equitable tolling to the 300-day filing period, Holt has the burden of showing that exceptional circumstances prevented him from timely filing the discrimination charge. *Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000). "When determining

4

whether equitable tolling is applicable, a district court must consider whether the person seeking application of the equitable tolling doctrine (1) has acted with reasonable diligence during the time period she seeks to have tolled, and (2) has proved that the circumstances are so extraordinary that the doctrine should apply." *Zerilli-Edelglass v. New York City Trans. Auth.*, 333 F.3d 74, 80-81 (2d Cir. 2003) (internal quotation marks omitted).

Holt fails to suggest any reason for the delay in filing his discrimination charge with the EEOC. Should Holt choose to file an amended complaint, he must submit information detailing any possible impediments he may have faced in filing the EEOC charge during the 300-day filing period.

C. *The Title VII and ADA Claims against AHI*

Pursuant to Rule 8(a) of the Federal Rules of Civil Procedure, a plaintiff must provide a short, plain statement of the claim against each defendant named so that they have adequate notice of the claims against them. *See Iqbal*, 556 U.S. at 678-79 ("[Rule 8] demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation."). Moreover, a plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555 (Rule 8 requires that the plaintiff's pleading "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests" (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

Although Holt seeks to bring Title VII and ADEA claims, he fails to make factual allegations sufficient to support a claim for relief under either statute. Title VII prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex,

5

or national origin." 42 U.S.C. § 2000e-2(a)(1); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012). The ADEA establishes that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions or privileges or employment, because of such individual's age . . . ." 29 U.S.C. § 623(a)(1).

Even under the most liberal interpretation of Holt's complaint, he provides no facts that could possibly connect or link any adverse employment action to a protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal*, factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records*, 604 F.3d at 120-21 (finding that although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

CONCLUSION

Accordingly, all claims against Wendie Hardee and Jeremy Patella are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). No summonses shall issue as to these defendants. The Clerk of Court is directed to amend the caption to reflect the dismissal of these defendants.

In light of Holt's *pro se* status, he is granted thirty (30) days' leave to amend his complaint against AHI in accordance with this Order. If Holt elects to file an amended complaint, he must submit any grounds he has that would justify equitable tolling of the 300-day period following the alleged discriminatory action. Holt is further directed that his amended complaint must comply with Rule 8(a) of the Federal Rules of Civil Procedure. He should set forth the factual allegations on which he bases his federal claims against his former employer

and provide all relevant dates. Holt should also include a copy of the charge he filed with the EEOC or any other agency.

The amended complaint must be submitted to the Court within thirty (30) days from the date of this Order, and it should be captioned as an "Amended Complaint" and bear the same docket number as this Order. Holt is advised that the amended complaint will replace the original pleading. All further proceedings shall be stayed for 30 days. If Holt fails to file an amended complaint within thirty (30) days of the date of this Order, judgment dismissing this action will be entered.

Holt's application to appoint counsel (ECF No. 7) is denied without prejudice to renewal after the filing of his amended complaint.

I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: August 31, 2015
      Brooklyn, New York