UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
SHELTON HOLT,

                              **MEMORANDUM AND ORDER**
            Plaintiff,                              15-CV-3088 (JG)

          - against -

AHI DBA SLEEP INN; WENDIE HARDIE;
JEREMY PATELLA,

            Defendants.
----------------------------------------------------------X

JOHN GLEESON, United States District Judge:

        Plaintiff Shelton Holt, proceeding *pro se*, filed this action against his former employer, and two individuals, alleging that he was terminated in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* ("Title VII"), the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 621, *et seq.* ("the ADEA"), New York State Human Rights Law, N.Y. Exec. Law §§ 290 to 297 and New York City Human Rights Law, N.Y. City Admin. Code §§ 8-101 to 131. By Memorandum and Order dated August 31, 2015, I dismissed all claims against the individual defendants, Wendie Hardee and Jeremy Patella, and granted leave for plaintiff to amend his complaint against AHI d/b/a Sleep Inn ("AHI") within thirty (30) days of the date of my Order. I directed plaintiff to state any grounds he has for tolling the 300-day period following the alleged discriminatory action and to set forth the factual allegations on which he bases his federal claims against his former employer. On September 9, 2015, plaintiff submitted an amended complaint alleging that he was terminated in violation of Title VII and the ADEA.

        For the reasons stated below, I dismiss this action without prejudice.

**STANDARD OF REVIEW**

Under 28 U.S.C. § 1915(e)(2)(B), I shall dismiss an *in forma pauperis* action where I am satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." *Pro se* complaints are held to less stringent standards than pleadings drafted by attorneys and I am required to read the plaintiff's *pro se* complaint liberally and interpret it raising the strongest arguments it suggests. *Erickson v. Pardus*, 551 U.S. 89 (2007); *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191-93 (2d Cir. 2008). At the pleadings stage of the proceeding, I must also assume the truth of "all well-pleaded, nonconclusory factual allegations" in the complaint. *Kiobel v. Royal Dutch Petroleum Co.*, 621 F.3d 111, 123 (2d Cir. 2010) (citing *Ashcroft v. Iqbal*, 556 U.S. 662 (2009)). A complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. 678 (citations omitted). The plausibility standard does not impose an across-the-board, heightened fact pleading standard. *Boykin v. KeyCorp*, 521 F.3d 202, 213 (2d Cir. 2008). The plausibility standard does not "require[ ] a complaint to include specific evidence [or] factual allegations in addition to those required by Rule 8." *Arista Records, LLC v. Doe 3,* 604 F.3d 110, 119 (2d Cir. 2010). However, the plausibility standard does impose some burden to make factual allegations supporting a claim for relief.

## DISCUSSION

Plaintiff's amended complaint fails to correct the deficiencies I discussed in my August 31, 2015 Order. Instead, plaintiff submits the identical factual background as in his original complaint, stating that:

> Defendants use deceptive tactics to dismiss me from my position of employment. Defendants violated New York State Article 23-A and other tactics and falsehoods. Defendants further made defamed my character in a public hearing on record. Defendants conspired to rid me of my employment by violating Federal, State and Local laws causing me mental anguish, and loss of monies. Defendants are all accountable for their deceptive and business practices.

Amend. Compl. at 5. Even under the most liberal construction of plaintiff's allegations, he does not provide any facts that could possibly connect any adverse employment action to a protected status. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3,* 604 F.3d 110, 120-21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible). Plaintiff also fails to submit any grounds for tolling the 300-day period following the alleged discriminatory action to render his claims timely.

## CONCLUSION

Accordingly, the amended complaint is dismissed without prejudice. 28 U.S.C. § 1915(e)(2)(B)(ii). I certify pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

So ordered.

JOHN GLEESON, U.S.D.J.

Dated: November 9, 2015
Brooklyn, New York